## Joel B. Laing's Executors

*v.*

## Marcus L. Byrne et al.

1. If a grantee who has assumed the payment of a mortgage reconveys the lands in good faith to his grantor, who in turn assumes it, the liability of the former to the holder of the mortgage is terminated.

2. Where the evidence as to the delivery of a deed is conflicting, the fact that the deed itself is discovered among the papers of the grantee's solicitor is important.

3. A master may erase from his record of the evidence his note of the objection to the competency of a witness, and insert it elsewhere, so as to make a true record of the time when the objection was interposed.

Bill to foreclose. On motion for personal decree for deficiency against William J. Gibby.

*Mr. B. A. Vail,* for the motion.

*Mr. J. H. Stewart, contra.*

THE CHANCELLOR.

The question to be decided is, whether the complainants are ·entitled to a personal decree against William J. Gibby for deficiency in the sale of mortgaged premises. Their mortgage was given in 1867 by Theodore Quick, then owner of the property, to Benjamin Price, who assigned it to their testator. Quick sold and conveyed the property in fee in 1869 to George W. Hall, subject to the mortgage, the payment whereof was as-·sumed by the latter. In 1870 Hall conveyed the premises to William J. Gibby, in fee, subject to the mortgage, the amount of which was computed and allowed to the grantee as so much of the consideration, and the latter assumed the payment of it accordingly. For $2,500 of the purchase-money he gave a mortgage to Hall, which the latter assigned to his daughter, Mrs. Corinthia Marsh. Under proceedings in this court for the foreclosure of that mortgage, the property was sold by the ·sheriff of Union county, where the land is, to Mrs. Marsh, on the 27th of October, 1875. The sale was subject to the complainant's mortgage, Joel B. Laing, who was then alive and held the mortgage, not being a party to the suit. On the 15th of November, 1875, Mrs. Marsh and her husband conveyed the property to Hall. While the foreclosure proceedings upon Mrs. Marsh's mortgage were in progress, Mr. Gibby, with his wife, executed a deed for the property in fee to Hall, conveying it subject to the mortgages, and containing a clause of assumption thereof on the part of Hall. That deed was dated on the 9th of October, 1875, but a few days before the sheriff's sale.

The complainants, on the one hand, insist that that deed was never delivered, while Gibby, on the other, insists that it was. The complainants' right to a decree for deficiency against Gibby ·depends on the decision of that question ; for, unless Hall is entitled to indemnity from Gibby, the complainants are entitled to no decree for deficiency against the latter. Their claim rests

wholly on subrogation or substitution, and it follows that if Hall has no claim they have none. The proof mainly consists of the testimony of Gibby and his father on the one side, and Hall on the other. To the testimony of Gibby the statutory objection is urged that, in view of the fact that the complainants sue in a representative capacity, it is not competent. A considerable amount of testimony has been taken on the question, whether objection was made to his testimony on this ground before he was examined. He insists that it was not made until after he and his father (who was sworn and testified next after him) had both completed their testimony. The complainants, on the contrary, insist that the objection was made before the witness had given any testimony. The examiner made his note of the objection on the record after the testimony of Mr. Gibby's father, but afterwards erased that entry and made another immediately before Mr. Gibby's testimony. The weight of the evidence on the subject is, that the objection was made before the witness was examined.

To consider the merits of the case on the other evidence: Mr. Gibby's father testifies positively to a verbal agreement made between Mr. Gibby and Mr. Hall, that the former should convey the property to the latter merely in consideration of an agreement in writing for a reconveyance within a year. He says that he afterwards, on behalf of his son, in view of Mr. Hall's unwillingness to bind himself in writing to reconvey, waived that consideration and delivered the deed to Mr. Hall, to whom he says he explained it, and who, he says, after the explanation, appeared to be perfectly satisfied with it and accepted it. It appears that notwithstanding the delivery of the deed, a sale under the execution in the foreclosure suit was had. Neither Mr. Gibby nor his father knew of the intention to proceed to a sale after the deed was given, but both supposed that the conveyance to Mr. Hall would prevent a sale. Mr. Gibby's father testifies that the next day, or the day after the sale took place, he called on Mr. Hall and reproached him with breaking his agreement in selling the property at sheriff's sale, stating to him that his son's principal object in conveying was to avoid the

necessity of that proceeding. Mr. Hall replied that it would make no difference so far as the agreement was concerned. Mr. Gibby's father then asked him for the bond which had been given to Mr. Hall by Mr. Gibby, and which the mortgage held by Mrs. Marsh was made to secure, and Mr. Hall answered that it was in the hands of the solicitor who conducted the foreclosure suit, and it made no difference, that the whole matter was settled. Subsequently, according to the testimony of Mr. Gibby's father, he promised to get the bond from the solicitor and give it up. Mr. Hall, indeed, positively denies that he ever accepted the deed, but it was found in the possession of his solicitor among the papers in the foreclosure suit, and he says he got it either from Mr. Hall or from Mr. Marsh. If he got it from Mr. Marsh, the latter must have got it from Mr. Hall, for it was delivered to Mr. Hall, and not to Mr. Marsh. According to the weight of evidence, the deed was delivered to and accepted by Mr. Hall. It is quite probable that the possibility that the property would so depreciate as to expose Mr. Hall to a personal decree for deficiency with respect to the complainant's mortgage, did not suggest itself to either him or Mr. Gibby. But, however that may be, if the deed was accepted, Mr. Hall has no claim upon Mr. Gibby for indemnity, and the complainants have none. There is no evidence of fraud on the part of Mr. Gibby, and, indeed, none is even imputed. There will be no personal decree for deficiency against him.